UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, ANNUITY, AND APPRENTICESHIP, SKILL IMPROVEMENT AND SAFETY FUNDS,<br><br>Plaintiffs,<br><br>-against-<br><br>NAMOW, INC. and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>Defendant. | 17 CV _____<br><br>**COMPLAINT** |

Plaintiffs, by their attorneys, Virginia & Ambinder, LLP, allege as follows:

### NATURE OF THE ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor-Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185, by multiemployer welfare and pension funds through their respective Boards of Trustees, to collect delinquent employer contributions to employee benefit plans.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to Sections 502(e)(1) and (f) and 515 of ERISA, 29 U.S.C. §§ 1132(e)(1) and (f) and 1145; Section 301 of the LMRA, 29 U.S.C. § 185; and 28 U.S.C. § 1331; and 28 U.S.C. §1367.

3. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. § 185.

## THE PARTIES

4. Plaintiffs Trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity, and Apprenticeship, Skill Improvement and Safety Funds (the "Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c). The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and are administered at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357.

5. Upon information and belief, defendant Namow, Inc. ("Namow") is a corporation incorporated under the laws of the State of New York, with its principal place of business at 84-22 Grand Avenue, Elmhurst, NY 11373, engaged in the construction business.

6. Upon information and belief, Defendant Westchester Fire Insurance Company ("Westchester") is a corporation incorporated under the laws of the State of New Jersey, authorized to do business within the insurance industry in the State of New York, with its principal place of business at 10 Exchange Place, Jersey City, New Jersey 07302.

## FACTS

**The Collective Bargaining Agreement**

7. At relevant times herein, Namow was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "CBA") with the Highway, Road and Street Construction Laborers Local Union 1010 (the "Union").

8. The Union is a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. §142.

9. The CBA requires Namow to pay specified contributions to the Funds and related entities on behalf of which the Funds act as collection agents in connection with all work performed within the trade and geographical jurisdiction of the Union ("Covered Work").

10. Pursuant to the CBA, if an employer fails to pay contributions when due, the employer is liable to the Funds for interest on the amount of unpaid contributions at an annual rate of 10%.

11. Pursuant to the CBA, in the event the Funds are required to employ an attorney to collect the contributions due and owing, Namow is obligated to pay to the Funds its attorneys' fees.

12. The CBA provides, *inter alia*, "[t]he Employer is bound by all of the terms and conditions of the Agreements and Declarations of Trust with respect to the Welfare Fund, Pension Fund, Training Fund and Annuity Fund, which Agreements and Declaration of Trusts are hereby made part of this Agreement and are incorporated herein" (the "Trust Agreements").

13. The Trust Agreements provide that in operating and administering the Funds, the Board of Trustees shall have the power to "establish the policy and rules pursuant to which this Agreement and Plan are to be operated and administered, including the rules relating to the collection of contributions and other payments."

14. Pursuant to the Trust Agreements, the Trustees of the Funds have promulgated a Policy for Collection of Delinquent Fringe Benefit Contributions (the "Collection Policy"). Accordingly, Namow is bound to the terms of the Collection Policy.

15. Article II of the Collection Policy provides that if Namow fails to make contributions when due, Namow is liable to the Funds for interest on the amount of unpaid contributions at an annual rate of 10% and liquidated damages of 20% of the amount of the unpaid contributions.

16. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes this Court to enforce the CBA. In addition, Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

17. Upon information and belief, Westchester issued a bond guaranteeing payment of all benefits owed to the Funds pursuant to the CBA ("Bond").

**Delinquent Contributions**

18. The CBA requires Namow, *inter alia*, to report to the Funds the number of hours of Covered Work performed by each employee.

19. Per monthly remittance reports submitted by Namow to the Funds, Namow owes contributions to the Funds for Covered Work performed by its employee during July and August 2016 in the amount of $44,573.62 and union assessments in the amount of $2,303.09.

20. Namow also failed to report the number of hours of Covered Work performed by each employee and to submit contributions for Covered Work performed by each employee for September 2016 through June 2017.

21. Namow owes interest on the late payment of contributions for February, March, and December 2015 and January through June 2016 in the amount of $3,612.90.

22. Pursuant to the CBA, the documents and instruments governing the Funds, and Section 502(g)(2) and 515 ERISA, 29 U.S.C. §1132(g)(2) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185, Namow is liable to the Funds for contributions in connection with all Covered Work performed by its employees from July and August 2016 in the amount of

$44,573.62 and union assessments in the amount of $2,303.09, to the Funds for contributions and union assessments in an unknown amount for Covered Work performed from September 2016 through June 2017, interest on the unpaid contributions at an annual rate of ten percent (10%), interest on the late payment of contributions for February, March, and December 2015 and January through June 2016 in the amount of $3,612.90, liquidated damages of twenty percent (20%) of the principal amount of the delinquency, and all reasonable attorneys' fees, expenses and costs incurred by Plaintiffs in prosecuting this suit.

### FIRST CLAIM FOR RELIEF AGAINST NAMOW
*Unpaid Contributions Under 29 U.S.C. § 1145*

23. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

24. Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

25. The CBA requires that Namow make contributions to Plaintiffs for all Covered Work it performed.

26. Namow failed to remit contributions for Covered Work performed from July and August 2016 in the amount of $44,573.62 and union assessments in the amount of $2,303.09.

27. Namow failed to remit an unknown, unreported amount of contributions for Covered Work performed from September 2016 through June 2017.

28. Pursuant to the CBA, the documents and instruments governing the Funds, and ERISA sections 502(a)(3), 502 (g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), (g)(2) and 29 U.S.C. § 1145, Namow is liable to Plaintiffs for: (1) delinquent contributions for July and August 2016 in

the amount of $44,573.62 and union assessments in the amount of $2,303.09; (2) an unknown amount of delinquent contributions and union assessments for September 2016 through June 2017; (3) interest on the delinquent contributions at an annual rate of 10%; (4) liquidated damages in the amount of 20% of the delinquent contributions adjudged to be due and owing; (5) reasonable attorneys' fees, audit fees, and collection costs incurred by Plaintiffs in this action; and (6) such other legal or equitable relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF AGAINST NAMOW
*Violation of Collective Bargaining Agreement Under 29 U.S.C. § 185*

29.   Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

30.   Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

31.   Namow violated the terms of the CBA when it failed to timely remit contributions due and owing for Covered Work it performed from July 2016 through June 2017.

32.   As a result of Namow's violation, Plaintiffs are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

## THIRD CLAIM FOR RELIEF AGAINST WESTCHESTER
*Unpaid Contributions Pursuant to Benefits Bond*

33.   Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

34.   By issuing the Bond to Namow, Westchester assumed liability to pay the Funds any and all contributions due and owing to them which Namow failed to pay pursuant to the CBA up to the amount of $25,000.

35. Namow has failed to pay contributions for July and August 2016 in the amount of $44,573.62 and an unknown amount of contributions for September 2016 through June 2017.

36. Pursuant to the terms of the Bond, Westchester is required to make payment to the Plaintiffs in the amount of $25,000.

**WHEREFORE**, plaintiffs respectfully request that this Court:

(1) Award judgment in favor of Plaintiffs and against Namow and Westchester for Namow's failure to timely pay Plaintiffs all contributions owed for July 2016 through June 2017 as required by the CBA;

(2) Order Namow to pay Plaintiffs delinquent contributions for July and August 2016 in the amount of approximately $44,573.62 and union assessments in the amount of $2,303.09, an unknown amount delinquent contributions and union assessments for September 2016 through June 2017 to be determined at trial, interest on the delinquent contributions at an annual rate of 10%, interest on the late payment of contributions for February, March, and December 2015 and January through June 2016 in the amount of $3,612.90, liquidated damages in the amount of 20% of the delinquent contributions adjudged to be due and owing, attorneys' fees, and collection costs incurred by Plaintiffs;

(3) Order Westchester to pay delinquent contributions in the amount of $25,000;

(4) Grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 31, 2017

                                            VIRGINIA & AMBINDER, LLP

                                            By:    /s/
                                                 Charles Virginia
                                                 Nicole Marimon
                                                 Claire Vinyard
                                                 40 Broad Street, 7th Floor
                                                 New York, New York 10004
                                                 Tel: (212) 943-9080
                                                 *Attorneys for Plaintiffs*